IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MALEK BOUZID ALIANE, : | |
| : | Case No. 2:14-CV-0602 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| UNITED STATES MARSHALS : | |
| SERVICE, et al., : | |
| : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter is before the Court on the Motion of the United States to Substitute the United States in the Place and Stead of Federal Defendants United States Marshals Service ("Marshals Service") and Defendant Mark Stroh, Deputy U.S. Marshal for the Southern District of Ohio (Doc. 21); and the Motion of the United States, Defendant United States Marshals Service, and Defendant Mark Stroh (collectively, "Defendants") to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction. (Doc. 22.) For the reasons that follow, the Court **GRANTS** both motions.

### I.   BACKGROUND

Plaintiff Malek Bouzid Aliane, proceeding pro se, filed this action on June 16, 2014 while he was incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. (Doc. 2.) In his complaint, he alleges the following facts. Plaintiff surrendered to Defendant Stroh on June 12, 2012 and Defendant Stroh transported him to the Franklin County Corrections Center I in Columbus, Ohio. (*Id.* ¶¶ 11-12.) During the booking process, Defendant Stroh confiscated all

property in Plaintiff's immediate possession. (*Id.* ¶ 12.) On March 7, 2013, Plaintiff was transferred to federal prison, at which time Defendant Stroh informed him that he had sent Plaintiff's property to Plaintiff's ex-girlfriend because during booking Plaintiff had verbally given him permission to do so. (*Id.* ¶ 14.) On June 18, 2012, Defendant Stroh sent several items via Federal Express to Plaintiff's ex-girlfriend, including $1,677.00 in United States currency, two gold money clips, a wallet, a belt, six family photos, eight credit cards, and his Ohio Driver License. (*Id.* ¶ 17.) Plaintiff stated that he did not give written authorization to Defendant Stroh to send these items to his ex-girlfriend. (*Id.* ¶¶ 17, 14.) The property has not been returned to him. (*Id.* ¶ 20.)

Plaintiff filed an administrative damages claim with the Marshals Service alleging that Defendant Stroh failed to follow proper procedures for releasing property. (Doc. 22-3 at 9.) On November 14, 2013, Marshals Service General Counsel Gerald M. Auerbach denied the claim on the basis that there was no evidence of "any negligence or wrongful acts on the part of any U.S. Government employee" because the property was sent to the person he had designated, Tomika Buckner, at the address he had provided to the Marshals Service. (Doc. 22-3 at 8.) Plaintiff requested reconsideration of the denial of his claim on November 26, 2013 and, before he had received a response, filed a second request for reconsideration on January 13, 2014. (*See* Doc. 22-3 at 19.) The Marshals Service denied the request for reconsideration of the administrative claim on October 9, 2014. (*Id.*)

While the request for reconsideration was pending, Plaintiff commenced this negligence action under the Federal Tort Claims Act ("FTCA") in the Eastern District of Arkansas, where he was incarcerated. (*See* Doc. 1.) The case was subsequently transferred to this Court. (*Id.*) Plaintiff requests compensatory damages for the loss of his property, as well as pre- and post-

judgment interest and costs.  (Doc. 2 ¶¶ 21-23.)  The United States filed a Motion to Substitute Party and, along with Defendants Stroh and the United States Marshal Service, a Motion to Dismiss for Lack of Jurisdiction.  (Docs. 21, 22.)  Plaintiff did not file a response to the motions.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to raise the defense of lack of subject-matter jurisdiction by motion.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Plaintiff bears the burden of proving jurisdiction when subject matter jurisdiction is challenged under Rule 12(b)(1).  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir. 1986).

Motions to dismiss for lack of subject-matter jurisdiction generally fall into two categories: facial attacks and factual attacks.  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  A facial attack is a challenge to the sufficiency of the pleading and requires the court to take all of the allegations in the complaint as true.  *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).  A factual attack, however, allows the court to "weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction."  *Id.*  Here, Defendants mount a facial challenge to Plaintiff's negligence claim, and the Court will thus take the factual allegations in Plaintiff's complaint as true.

## III. ANALYSIS

### A.  Motion to Substitute

The FTCA provides that the United States may be liable for state-law tort claims caused by its employees acting within the scope of their employment, in the same manner and to the same extent as a private individual under like circumstances.  28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1).  This remedy is "exclusive of any other civil action or proceeding for money

3

damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim."  28 U.S.C. § 2679(b)(1).  Any other civil action "arising out of or relating to the same subject matter against the employee . . . is precluded."  *Id.*

Under 28 U.S.C. § 2679(d)(1), "[u]pon certification of the Attorney General," or, under 28 C.F.R. § 15.4(a), the appropriate United States Attorney,

> that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  The United States moved to substitute itself as a party in the place and stead of Defendants Stroh and the Marshals Service with respect to common law tort claims in Plaintiff's complaint.  In support of the motion, the United States attached a certification from Carter M. Stewart, United States Attorney for the Southern District of Ohio, stating that Defendant Stroh was operating within the scope of his federal employment at the time of the incidents alleged in the complaint.  (Doc. 21-1.)

The Supreme Court has stated that the "Attorney General's certification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee."  *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995).  A plaintiff challenging certification, however, "must present evidence from which a District Court reasonably could find that the original defendant-employee acted *outside* the scope of her employment."  *Allstate Ins. Co. v. Quick*, 107 F. Supp. 2d 900, 904-05 (S.D. Ohio 1999) (emphasis in original).  The certification serves as *prima facie* evidence that an employee acted within the scope of employment, and therefore a plaintiff cannot defeat substitution "merely by relying upon the factual allegations in his

4

complaint." *Id.* at 905 (citing *Rutkofske v. Norman*, 114 F.3d 1188, 1997 WL 299382, at *4 (6th Cir. June 4, 1997)).  Because the United States Attorney has certified that Stroh was acting within the scope of his employment when he sent Plaintiff's property to Ms. Buckner, and Plaintiff has presented no evidence to the contrary, substitution of the United States is proper.  The Court **GRANTS** the Motion to Substitute.

### B.  Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Congress has waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.  *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)(1)).  Although the FTCA is a broad waiver of sovereign immunity, Defendant contends that Plaintiff's claim is barred by the exception to the waiver of sovereign immunity found in 28 U.S.C. § 2680(c), which provides that the waiver shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."  The Court must determine whether Defendant Stroh is a "law enforcement officer" under the statute and whether Plaintiff's claim arises out of the "detention" of his property.

The first question has been settled by *Ali v. Federal Bureau of Prisons*, in which the Supreme Court interpreted the phrase "any other law enforcement officer" broadly, to encompass all federal law enforcement officers and not simply those officers acting in a customs or excise capacity.  552 U.S. at 227-28.  United States Marshals are clearly federal law enforcement officers under this definition.  Therefore, *Ali* controls this case and bars a claim for detention of property by a Deputy United States Marshal.

5

The Supreme Court has also read the detention clause of § 2680(c) broadly, holding that "'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 854 (1984).  Although the Sixth Circuit has not considered the question of whether property seized by law enforcement officers and transferred to a third party is deemed to be "detained" under § 2680(c), other circuits have held that "confiscation followed by sending property to a known recipient is a 'detention' for purposes of the exception set forth in § 2680(c)."  *Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008).  *See also Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (holding that "§ 2680(c) applies where a prisoner alleges that defendant prison officials detained his personal property and mailed it outside the prison"); *Schlaebitz v. U.S. Dep't of Justice*, 924 F.2d 193, 194 (11th Cir. 1991) (per curiam) ("[T]he injury [the plaintiff] asserts, loss of his property because it was improperly released to a third party, is certainly within the contours of section 2680(c) and *Kosak*.").  The Court concludes that Plaintiff's property was detained and that his claim arose out of the detention of his property.  Therefore, the exception to the waiver of sovereign immunity under the FTCA applies to Plaintiff's claim.  The Court lacks subject-matter jurisdiction over Plaintiff's claim and thus **GRANTS** Defendants' Motion to Dismiss.

## IV.     CONCLUSION

For the reasons stated above, the Court **GRANTS** the United States' Motion to Substitute and Defendants' Motion to Dismiss.  This case is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
    **ALGENON L. MARBLEY**
    **UNITED STATES DISTRICT JUDGE**

**Dated: December 11, 2015**